

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:00-CR-164(3) |
| | § | |
| FRANCO SIEMON SIMON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Franco Siemon Simon, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #98) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on February 18, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violations warrant the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 17, 2001, United States District Judge Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Possession with Intent to Distribute Cocaine Base, a Class A felony. The Court originally sentenced the defendant to 151 months imprisonment, followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include: financial disclosure, drug testing and drug treatment.

On May 19, 2008, Judge Heartfield reduced defendant's sentence to 121 months imprisonment. On July 7, 2010, Franco Siemon Simon completed his period of imprisonment and began serving the supervision term.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not illegally possess a controlled substance.*

Specifically, the petition alleges that on October 3, 2013, Mr. Simon was arrested for Possession of a Controlled Substance after it was learned that he possessed a small amount of cocaine in one of his pants' pocket.

**C. Evidence presented at Hearing**

At the hearing, the Government proffered the following evidence as its factual basis in support of the alleged violation. The Government would submit evidence establishing that on October 3, 2013, Mr. Simon was arrested by local authorities for possessing less than one (1) gram of "crack" cocaine. The Government would also show that Mr. Simon ultimately pled guilty to the state charge of possession of a controlled substance arising out of that arrest. Simon was convicted on that charge and sentenced to confinement in state jail for one (1) year in cause number 13-18189 in the 252nd District Court of Jefferson County, Texas.

Defendant, Franco Siemon Simon, offered a plea of true to the above-stated allegations in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he possessed a controlled substance in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by possessing a

controlled substance.

If the Court finds that Mr. Simon violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A or Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). In this case, based upon the defendant's criminal history category of II and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is 5 years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

defendant committed a Grade B violation of his supervision conditions by possessing a controlled substance. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Franco Siemon Simon, to serve a term of **nine (9) months imprisonment** in this cause, with no further term of supervision to follow upon the defendant's release. The Court further recommends that the defendant be placed in the Federal Correctional Complex (FCC) in Beaumont, Texas, to serve his sentence.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983);

*United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 24th day of February, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE